IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MIGUEL LOPEZ | ) | CASE NO. 1:11-cv-2534 |
| Petitioner, | ) | JUDGE JAMES G. CARR |
| v. | ) | MAGISTRATE JUDGE KATHLEEN B. BURKE |
| RICHARD GANSHEIMER, Warden | ) | |
| Respondent. | ) | REPORT AND RECOMMENDATION |
| | ) | |

Petitioner, Miguel Lopez ("Petitioner" or "Lopez"), filed this habeas corpus action

pursuant to 28 U.S.C. § 2254 on November 22, 2011.[1]  Doc. 1.  Lopez challenges the

constitutionality of the judgment of conviction in *State of Ohio v. Miguel Lopez*, Case No.

03CR064117 (Lorain County) .  Doc. 1.  This matter has been referred to the undersigned

Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2.[2]

As set forth in more detail below, Lopez was denied the effective assistance of appellate

counsel during his direct appeal because counsel failed to file the transcripts of the hearings on

Lopez's no contest plea and subsequent motion to withdraw his plea.  This failure prevented

review by the state appellate court of the merits of Lopez's assignment of error challenging the

trial court's denial of his motion to withdraw the no contest plea.  Lopez was prejudiced by his

counsel's failure because there is a reasonable probability that the outcome of his appeal would

have been different had the transcripts been filed.  Lopez's claim regarding the ineffective

---

[1] On April 3, 2012, with leave of Court, Lopez amended his Petition.  Doc. 14.

[2] The case was initially referred to United States Magistrate Judge Kenneth S. McHargh.  On January 20, 2012, the case was reassigned to the undersigned Magistrate Judge pursuant to General Order 2012-3.

assistance of his appellate counsel was preserved for habeas review.  Accordingly, the

undersigned recommends that Lopez's petition for a writ of habeas corpus (Doc. 1) be

**GRANTED conditionally.**  Respondent should be ordered to release Mr. Lopez from prison

unless he is permitted to reopen his appeal pursuant to Ohio Rule of Appellate Procedure 5(B)

with court appointed counsel within 90 days of the filing of a motion to reopen.  Lopez's Motion

for Appointment of Counsel (Doc. 22) and Motion for Evidentiary Hearing (Doc. 23) are

**DENIED as moot**.

## I.       FACTUAL BACKGROUND

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment

of a state court, the state court's factual findings are presumed correct.  The petitioner has the

burden of rebutting that presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1);

*see also Railey v. Webb*, 540 F. 3d 393, 397 (6th Cir. 2008) *cert. denied,* 129 S. Ct. 2878 (2009).

Lopez has not disputed the following summary by the Ninth District Court of Appeals of the

facts underlying his conviction:[3]

> {¶2} In December 2003, a grand jury indicted Lopez on four counts of felonious
> assault and four attendant fire arm specifications.  Although he entered a no
> contest plea on September 20, 2005, Lopez wrote a letter to the trial court shortly
> thereafter, indicating that he did not want to enter a plea.  The trial court
> construed Lopez' letter as a motion to withdraw his plea and set the matter for a
> hearing.  On October 25, 2005, the court denied Lopez' motion.  The court
> sentenced Lopez to a total of seventeen years in prison. Lopez appealed from the
> court's judgment, but this Court dismissed the appeal because he failed to file an
> appellate brief.  *State v. Lopez* (June 29, 2006), 9th Dist. No. 05CA008844.
>
> {¶3}On July 2, 2009, Lopez filed a motion for resentencing, noting that his
> sentencing entry failed to include the manner of his conviction.  Before the court
> responded to Lopez' motion, Lopez filed a second motion for resentencing, noting
> that his sentencing entry also failed to include a proper post-release control
> notification.  The trial court set the matter for a de novo sentencing hearing.  The

---

[3] The facts are taken from the decision in Lopez's appeal to the Ninth District Court of Appeals. Doc. 21-1, Exhibit
18.

hearing took place on January 20, 2010.  The court sentenced Lopez to seventeen
years in prison and issued a new sentencing entry on January 21, 2010.

Doc. 21-1, Exhibit 18.

## II.      PROCEDURAL BACKGROUND

### A. State Conviction

On December 4, 2003, a Lorain County grand jury indicted Lopez on three counts of

felonious assault with firearm specifications under O.R.C. § 2903.11(A)(1)/2903.11(A)(2) and

one count of felonious assault with firearm specification under O.R.C. 2903.11(A)(2), Case No.

03CR064117.  Doc. 21-1, Exhibit 1.  On September 20, 2005, Lopez entered a plea of no contest

to the indictment.  Doc. 21-1, Exhibit 3.  The trial court found Lopez guilty of all four counts as

specified in the indictment.  Doc. 21-1, Exhibit 3.

Before sentencing, Lopez sent a letter to the court that the court interpreted as a motion to

withdraw his no contest plea.  Doc. 21-1, Exhibits 4-5.  In that letter, Lopez stated that he agreed

to the plea because "my lawyer kept telling me that he didn't have any evidence on my defence

that would help me."  Doc. 21-1, Exhibit 4.  Lopez urged the trial court to permit him to

withdraw his plea because he had in his hands "prove of the Balistic Investigator which says

clearly that the gun I fired don't match the bullets in the injured victims."[4]  Doc. 21-1, Exhibit 4.

While Lopez admitted shooting a gun, he asserted that "there is another person [shooter] and

another gun involved," an allegation Lopez apparently believed was supported by the ballistics

---

[4] The record before this Court is unclear as to when Lopez received or was made aware of the ballistics report that
he referred to in his letter.  At Lopez's pleas hearing on September 20, 2005, defense counsel indicated that he
"received full discovery from the State of Ohio, including the taped statements of all witnesses" and that said
discovery was in turn provided to Lopez, but made no specific mention of a ballistics report.  Doc. 21-1, Exhibit 28,
pp. 160-161.  During the motion to withdraw plea hearing on October 24, 2005, the State indicated that all ballistics
tests had been made available to defense counsel throughout the case.  Doc. 21-1, Exhibit 29, pp. 182-183.  Further,
the State indicated that no new ballistic tests were performed following the September 20, 2005, plea hearing.  Doc.
21-1, Exhibit 29, p. 183.  However, Lopez, in his Memorandum in Support of Jurisdiction, filed pro se in the Ohio
Supreme Court, alleged that his defense counsel as well as the prosecutor had concealed the ballistics report from
him until after he entered his no contest plea Doc. 21-1, Exhibit 26, p. 138.

report.  Doc. 21-1, Exhibit 4.    On October 24, 2005, the trial court held a hearing on Lopez's

motion to withdraw his no contest plea.  Doc. 21-1, Exhibit 6, Exhibit 29.  Lopez, pro se, argued

his motion to withdraw his no contest plea.  Doc. 21-1, Exhibit 29, p. 180.  The prosecution

agreed that there were two guns but argued that Lopez had shot both guns.  Doc. 21-1, Exhibit

29, p. 181-182.  The trial court denied Lopez's motion and, that same day, sentenced Lopez to a

total of seventeen years in prison.  Doc. 21-1, Exhibits 6-7.

### B.  First Direct Appeal

On November 23, 2005, Lopez, through counsel, filed a Notice of Appeal to the Ninth

District Court of Appeals, Case No. 05CA008844.  Doc. 21-1, Exhibit 8.   On February 14, 2006,

Lopez, through counsel, filed a Motion for Leave to Voluntarily Dismiss Appeal Pursuant to

App. R. 28.  Doc. 21-1, Exhibit 9.   In that motion, Lopez's counsel indicated that he had been

unable to communicate with Lopez and requested an allowance of six months in which to re-file

his appeal.  Doc. 21-1, Exhibit 9.   The Ninth District Court of Appeals denied that motion.  Doc.

21-1, Exhibit 10.  On June 29, 2006, the court of appeals dismissed Lopez's appeal for failure to

file a brief.  Doc. 21-1, Exhibit 11.

### C.  Motion for Re-Sentencing

On July 2, 2009, Lopez, pro se, filed a motion for resentencing on the basis that the

sentencing entry did not specify the manner of the conviction.  Doc. 21-1, Exhibit 12.  On

November 6, 2009, Lopez, pro se, filed a second motion for resentencing on the basis that the

trial court failed to inform him of the mandatory terms of post release control.  Doc. 21-1,

Exhibit 13.  On January 21, 2010, the trial court resentenced Lopez to a total of seventeen years

in prison.  Doc. 21-1, Exhibit 14.

### D. Second Direct Appeal

On February 18, 2010, Lopez, pro se, filed a Notice of Appeal to the Ninth District Court of Appeals from his resentencing entry, Case No. 10CA009771.  Doc. 21-1, Exhibit 15.  On June 14, 2010, Lopez, now acting through counsel, filed his Brief.  Doc. 21-1, Exhibit 16.   Lopez asserted the following assignments of error:

> I. THE TRIAL COURT ERRED WHEN IT DENIED MR. LOPEZ'S MOTION TO WITHDRAW HIS PLEA OF NO CONTEST.
>
> II. THE TRIAL COURT ERRED WHEN IT FAILED TO CONDUCT A *DE NOVO* SENTENCING HEARING THEREBY MAKING MR. LOPEZ'S SENTENCE CONTRARY TO LAW.

Doc. 21-1, Exhibit 16.  On June 29, 2010, the State of Ohio filed its Brief.  Doc. 21-1, Exhibit 17.  On December 6, 2010, the Ninth District Court of Appeals issued its Decision and Journal Entry overruling Lopez's assignments of error and affirming the Lorain County Court of Common Pleas' judgment.  Doc. 21-1, Exhibit 18.  The Ninth District Court of Appeals' decision was based, in part, on Lopez's failure to file a transcript of the plea and motion to withdraw plea hearings.  Doc. 21-1, Exhibit 18, ¶8.

On December 17, 2010, Lopez, pro se, filed a Motion for Leave to Consider Instanter an Application for Reconsideration Pursuant to App.R.26(A).  Doc. 21-1, Exhibit 19.  On December 27, 2010, Lopez, pro se, re-filed his Motion for Leave to Consider Instanter an Application for Reconsideration Pursuant to App.R.26(A), with Appendix, Exhibit A (transcript of hearing on motion to withdraw plea hearing).  Doc. 21-1, Doc. 20.  On December 27, 2010, the State of Ohio filed its Response to the Application for Reconsideration.  Doc. 21-1, Exhibit 21.   On January 28, 2011, the Ninth District Court of Appeals denied Lopez's request for leave to file an

5

Application for Reconsideration as untimely and the Applicantion for Reconsideration was

stricken.  Doc. 21-1, Exhibit 22.

On January 31, 2011, Lopez, through counsel, filed a Motion for Reconsideration and to

Supplement the Record with the missing transcripts.  Doc. 21-1, Exhibit 23.  On February 25,

2011, the Ninth District Court of Appeals denied the Motion for Reconsideration and to

Supplement the Record because it was a successive application for reconsideration and "no

mechanism exists in the appellate rules for successive applications for reconsideration."  Doc.

21-1, Exhibit 24.

On January 20, 2011, Lopez, pro se, appealed the Ninth District Court of Appeals'

December 6, 2010, decision to the Ohio Supreme Court, Case No. 11-0116.  Doc. 21-1, Exhibit

25.  In his Memorandum in Support of Jurisdiction, Lopez asserted the following propositions of

law:

> Proposition of Law No.1: APPELLANT'S RIGHT TO EFFECTIVE ASSISTANT OF
> APPELLATE COUNSEL WAS VIOLATED WHEN COUNSEL FAILED TO
> PROVIDE TO REVIEWING COURT COPY OF RECORD/TRANSCRIPT OF TRIAL
> PROCEEDINGS CONCERNING ASSIGNMENT OF ERROR NO. 1 IN VIOLATION
> OF APPELLANT'S SIXTH AMENDMENT TO THE UNITED STATES
> CONSTITUTION.
>
> Proposition of Law No. 2: THE NINTH DISTRICT COURT OF APPEALS DECISION
> AFFIRMING THE TRIAL COURT DENIAL OF APPELLANT'S MOTION TO
> WITHDRAW HIS "NO CONTEST PLEA" PRIOR TO SENTENCE IS CONTRARY
> TO THE UNITED STATES SUPREME COURT DECISION AND OHIO LAW.
>
> Proposition of Law No. 3: APPELLANT IS ENTITLED TO WITHDRAW HIS NO
> CONTEST PLEA BASED UPON NEWLY DISCOVERY OF EXCULPATORY
> EVIDENCE OF BALLISTICS' EXPERT REPORT REVEAL THAT GUN
> PURPORTEDLY USED FOR SHOOTING WAS NOT APPELLANT'S GUN, A
> FINDING CONTRARY TO THE STATE'S ASSERTION.
>
> Proposition of Law No. 4: THE COURT OF APPEALS COMMITTED PLAIN ERROR
> IN FAILING TO APPLY CRIM.R.52(B), WHERE THE RECORD SHOWS THAT
> TRIAL COURT LACKS SUBJECT-MATTER JURISDICTION IN ACCEPTING
> APPELLANT'S NO CONTEST PLEA WITHOUT CONSIDERATION OF

EXPIRATION OF STATUTORY AND CONSTITUTIONAL SPEEDY TIME AND DEFECTIVE ASSISTANCE OF COUNSEL IN FAILING TO RAISE THIS SPECIFIC CLAIM.

Proposition of Law No. 5: THE TRIAL COURT ERRED WHEN IT FAILED TO CONDUCT A *DE NOVO* SETENCING HEARING THEREBY MAKING MR. LOPEZ'S SENTENCE CONTRARY TO LAW.

Doc. 21-1, Exhibit 26.  The State of Ohio did not file a Brief.  Doc. 21, p. 5.  On April 20, 2012, the Ohio Supreme Court denied Lopez leave to appeal and dismissed Lopez's appeal as not involving any substantial constitutional question.  Doc. 21-1, Exhibit 27.

### E.  Federal Habeas Corpus

On November 22, 2011, Lopez filed this petition for writ of habeas corpus.  Doc. 1.  On April 3, 2012, with leave of Court, Lopez amended his Petition.  Doc. 14.  He has asserted the following grounds for relief:

**Ground One:** 6th, 14th Amendment to the United States Constitutions

**Supporting Facts:** Petitioner was denied Due Process of Law on the ground of Denial of Assistance of Counsel at the Pre-Sentence hearing to withdraw his No Contest Plea, based on newly Discovered evidence of Defendant's factual Innocence revealed by a Ballistic Expert Report.

**Ground Two:** 6th and 14th Amendment to the United states Constitution

**Supporting Facts:**  Petitioner was denied Effective Assistance of Trial and Appellate Counsel, where (1) Trial Counsel failed to investigate and uncover the availability of the Ballistic expert report prior to advising Defendant to enter a No contest plea and other cumulative errors; (2) Appellate Counsel failed to raise for appellate review obvious and substantial claim of ineffective assistance of Trial Counsel and Counsel also failed to provide the Trial Court record for the appellate review of assignment of errors.

**Ground Three:** 14th amendment to the United States Constitution

**Supporting Facts:** Petitioner is entitle to withdraw his No Contest plea based on manifest Injustice of the trial Counsel and the deliberate Suppression of Evidence of Ballistic Expert Report from the Defendant prior to the Entry of No Contest Plea by the Prosecutor and Defense Counsel.

**Ground Four:** 6th and 14th Amendment to the United States Constitution

      **Supporting Facts:** Petitioner's prison sentence is contrary to law, because it is unsupported by fact and law.

**Ground Five:** It is now that Petitioner be very specific, and let it be known that, per newly discovered evidence, <u>No Charging Instrument Exists Ab-Initio</u>. (A Complaint of any kind per 5th, 6th, and 14th Amendments of the United States Constitution).  The Trial-Court never had jurisdiction of any subject matter.  Any Court lacking Subject Matter Jurisdiction does not have power to hear case, and if it assumes jurisdiction all is void AB-INITIO.

**Ground Six:** Petitioner now claims his 14th Amendment Rights were violated when he was denied his 6th Amendment Right to know the nature and cause of the charge against him.  It is the COMPLAINT that charges.  Petitioner clearly claims that No Complaint equals No Due Process of Law.

Doc. 1; Doc. 14.

## III.    ANALYSIS

### A.  Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The provisions of 28 U.S.C. § 2254(d) apply only to claims that were adjudicated on the merits in the state court proceedings.  *Waldron v. Jackson*, 348 F.Supp.2d 877, 888 (N.D. Ohio 2004) (citing *Clinkscale v. Carter*, 375 F.3d 430, 436 (6th Cir. 2004).

"When a state does not assess the merits of a petitioner's habeas claim, the deference due under AEDPA does not apply." *Id.* "In such a case, the habeas court is not limited to deciding whether the court's decision was contrary to or involved an unreasonable application of clearly established federal [law], but rather conducts a *de novo* review of the claim." *Id.*

In Lopez's second ground for relief,[5] he claims that his appellate counsel was ineffective for failing to provide the trial court record that was necessary for appellate review of his assignments of error.  Doc. 1, p. 7.  The state courts did not assess the merits of this claim. Petitioner's requests to file applications for reconsideration were denied on a procedural basis, i.e., being untimely filed, rather than after a merits review.  Doc. 21-1, Exhibit 22.  Also, the Ohio Supreme Court denied Lopez leave to appeal and dismissed Lopez's appeal as not involving any substantial constitutional question (Doc. 21-1, Exhibit 27) without addressing the merits of the specific propositions of law, which included a claim of ineffective assistance of counsel for failure "to provide to reviewing court copy of record/transcript of trial proceedings concerning assignment of error No. 1." (Doc. 21-1, Exhibit 26).   Because the state courts did not assess the merits of Lopez's constitutional claim of ineffective assistance of appellate counsel, this Court conducts a *de novo* review of that portion of Lopez's second ground for relief.[6] *Waldron*, 348 F.Supp.2d at 888.

> **B. Lopez's appellate counsel was constitutionally ineffective in failing to file the full transcript of the trial court proceedings, particularly, the transcripts of the hearings on Lopez's plea and motion to withdraw plea.**

---

[5] Although Petitioner has asserted six grounds for relief, this case is resolved upon consideration of Petitioner's second ground for relief. Accordingly, it is not necessary for the Court to address Petitioner's other grounds for relief.

[6] Respondent concedes that this particular claim within Ground Two is not procedurally defaulted and that the Court may review said claim on the merits.  Respondent also agrees that this Court's review is *de novo* rather than under the AEDPA.  Doc. 21, p. 17 and p. 28.

Prior to sentencing, Lopez attempted to withdraw his no contest plea on the basis of a ballistics report that he asserted showed that the gun that he fired did not match the bullets found in the victims.  Doc. 21-1, Exhibit 4.  On October 24, 2005, the trial court held a hearing on Lopez's motion to withdraw his no contest plea, denied Lopez's request, and sentenced Lopez to a total of seventeen years in prison.  Doc. 21-1, Exhibits 6-7.  Lopez argued his motion to withdraw his no contest plea pro se.  Doc. 21-1, Exhibit 29, p. 180.

In his direct appeal, Lopez sought to have his conviction overturned, in part, on the basis that the trial court erred in denying his motion to withdraw his no contest plea.  Doc. 21-1, Exhibit 16.   The Ninth District Court of Appeals' decision overruling Lopez's assignments of error was based, in part, on Lopez's failure to file a transcript of the plea hearings.  Doc. 21-1, Exhibit 18, ¶8.   The Ninth District Court of Appeals' stated that:

> {¶ 8} The record reflects that the trial court held hearings when it accepted Lopez' plea and when he sought to withdraw it.  Lopez had counsel with him when he entered his plea.  It is unclear whether Lopez actually had counsel with him at the plea withdrawal hearing, but the record does reflect that Lopez still had an attorney of record at that time.  Lopez relies upon testimony he gave at the hearing on his motion to withdraw in support of his argument on appeal.  Yet, Lopez does not supply this Court with a transcript from either of his hearings. "[I]t is the duty of the appellant to provide a transcript for appellate review because the appellant bears the burden of demonstrating error by reference to matters in the record."  *State v. Williams,* 9th Dist. No. 23560, 2008-Ohio-1048, at ¶10.  Absent evidence to the contrary, this Court cannot conclude that the trial court abused its discretion by denying Lopez' motion.  See *Thompson* at ¶5 (concluding that court acts within its discretion in denying motion to withdraw where defendant had competent counsel, a full Crim.R. 11 hearing, and a hearing on the motion to withdraw).  Lopez' first assignment of error is overruled.

Doc. 21-1, Exhibit 18 (emphasis supplied).

The right to effective assistance of counsel extends to the first appeal as of right.  *Evitts v. Lucey*, 469 U.S. 387 (1984).  *Strickland v. Washington*, 466 U.S. 668 (1984), establishes the standard for assessing claims of ineffective assistance of counsel, including those relating to

appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000)(finding that *Strickland* provided the proper standard for addressing whether appellate counsel was ineffective for failing to file a merits brief); *Burger v. Kemp,* 483 U.S. 776, 107 S.Ct. 3114, 97 L.Ed.2d 638 (1987); *McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004).

Under *Strickland,* in order to establish that an attorney's representation was constitutionally ineffective, a petitioner must show that (1) the attorney made such serious errors he was not functioning as "counsel" guaranteed by the Sixth Amendment; and (2) counsel's allegedly deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. Under the first prong of the *Strickland* test, a petitioner must show that counsel's representation fell below an objective standard of reasonableness based on all the circumstances surrounding the case. *Id.* at 688. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. To satisfy the second, "prejudice," prong of the *Strickland* test, a petitioner must demonstrate that a "reasonable probability" exists that, but for his counsel's errors, the outcome of the proceeding would have been different. *Id.* at 694*; Robbins*, 528 U.S. at 286.

### 1. A review under the first prong of *Strickland* shows that appellate counsel's failure to file the trial record critical for appellate review fell below an objective standard of reasonableness.

Here, appellate counsel's failure to file the complete transcript of the trial court proceedings, particularly those portions relating to assignments of error asserted on appeal, fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. The failure to ensure filing of those portions of the record needed to support Lopez's assignment of error that

the trial court erred in denying his motion to withdraw his no contest plea cannot be said to be

"sound trial strategy."  The Ninth District Court of Appeals, in overruling Lopez's first

assignment of error stated "Lopez relies upon testimony he gave at the hearing on his motion to

withdraw in support of his argument on appeal.  Yet, Lopez does not supply this Court with a

transcript from either of his hearings," and "[a]bsent evidence to the contrary, this Court cannot

conclude that the trial court abused its discretion by denying Lopez' motion."  Doc. 21-1,

Exhibit 18, ¶8.  Although Lopez's appellate counsel asserted the trial court's denial of his motion

to withdraw his no contest pleas as an assignment of error, he failed to provide the appellate

court with the evidence necessary to fully consider that assignment of error.

In *Evitts*, appellate counsel timely filed a notice of appeal but failed to file a statement of

appeal when he filed his brief and the record, resulting in dismissal of the appeal without a

review of the merits.  *Evitts*, 469 U.S. at 389-390.  On appeal to the United States Supreme

Court, the issue in *Evitts* was "whether the appellate-level right to counsel also comprehends the

right to effective assistance of counsel." *Id.* at 392.  There was no dispute in *Evitts* that appellate

counsel was ineffective for failing to adhere to a simple court rule that could have resulted in the

drastic consequence of dismissal. *Id.* at 392.  In reaching its conclusion that a criminal defendant

is entitled to effective assistance of counsel on an appeal as of right, the *Evitts* Court stated that

"[j]ust as a transcript may by rule or custom be prerequisite to appellate review, the services of a

lawyer will for virtually every layman be necessary to present an appeal in a form suitable for

appellate consideration on the merits."[7] *Id.* at 393 (citations omitted).

Here, appellate counsel, by failing to submit the complete transcript, in particular the

transcripts of the hearings on the plea and motion to withdraw plea, prevented review by the state

appellate court of  the merits of Lopez's assignment of error that the trial court abused its

---

[7] Ohio App. R. 9 and Ohio App. R. 10 set forth requirements for the record on appeal.

discretion in denying his motion to withdraw his no contest plea prior to sentencing.

Accordingly, for the reasons set forth above, the undersigned finds that appellate counsel's

failure to file the trial record critical to his assignment of error concerning his motion to

withdraw plea fell below an objective standard of reasonableness.  *Strickland*, 466 U.S. at 688.

> **2.  A review under the second prong of *Strickland* shows that Lopez suffered prejudice as a result of appellate counsel's failure to file the trial record critical for appellate review.**

Respondent admits that Lopez was prejudiced by his appellate counsel's failure to file the

hearing transcripts but disputes that the prejudice was of a kind that satisfies the second

*Strickland* prong.  Respondent concedes, "[T]here is no doubt  that the appeals court decision

would have been different in that the Court would have engaged in a detailed review of Lopez's

claim, rather than finding that there were no facts to aid it in evaluating the claim.  **Thus, in this**

**regard Lopez was prejudiced**."  Doc. 21, p. 30 (emphasis supplied).  Respondent goes on to

argue, however, that "the ultimate decision would not likely have favored Lopez." Doc. 21, p.

30.

Contrary to Respondent's position, the undersigned finds that the prejudice resulting from

appellate counsel's failure to file critical transcripts does satisfy the *Strickland* test because a

"reasonable probability" exists that, but for that failure, the outcome of Lopez's appeal would

have been different.  *Strickland,* 466 U.S. at 694*; Robbins*, 528 U.S. at 286.[8]  The undersigned's

conclusion under the second prong of *Strickland* is reached after considering: (1) the liberal

standard under Ohio law for granting a motion to withdraw a guilty plea before sentencing; (2)

the fact that Lopez was not represented by counsel on his motion to withdraw plea, a fact that

---

[8] The Sixth Circuit recently noted that the Supreme Court has "rejected the proposition that a defendant must always establish prejudice by showing possible success on the merits."  *Campbell v. United States*, 683 F.3d 353, 357 (6th Cir. 2012), citing *Roe v. Flores-Ortega*, 528 U.S. 470, 486 (2000).  In *Campbell*, the Sixth Circuit held that an attorney's failure to file a notice of appeal despite a defendant's express instructions to do so constituted ineffective assistance of counsel.

would have been weighed by the state appellate court if the hearing transcript had been provided; and (3) the flaws in Respondent's argument as to why the outcome of Lopez's appeal would not have been different had appellate counsel performed effectively by filing the hearing transcripts.

Under Ohio law, while the decision whether to grant a motion to withdraw a guilty plea is within the discretion of the trial court, "the general rule is that motions to withdraw guilty pleas before sentencing are to be freely allowed and treated liberally." *State of Ohio v. Xie*, 62 Ohio S.3d 521, 526 (1991).  When reviewing a decision to deny a motion to withdraw a guilty plea, a state appellate court applies an abuse of discretion standard. *Id.*  The Ninth District Court of Appeals indicated that, because the transcripts of the plea and motion to withdraw hearings were not provided to it, it could not find an abuse of discretion.  Doc. 21-1, Exhibit 18, ¶8.  Had the hearing transcripts been available to it, the appellate court might well have reached a different conclusion for the reasons set forth below.

A specific example of a fact shown in the missing transcript that the appellate court was unaware of and that likely would have produced a different result was Lopez's lack of counsel during the proceedings on his motion to withdraw his no contest plea.  The Ninth District Court of Appeals noted that a consideration in determining whether there has been an abuse of discretion is whether a defendant had competent counsel (Doc. 21-1, Exhibit 18, ¶8).  However, in the absence of the hearing transcript, the Ninth District Court of Appeals found it "unclear whether Lopez actually had counsel with him at the plea withdrawal hearing . . ." (Doc. 21-1, Exhibit 18, ¶8).  In fact, the transcript unequivocally shows that Lopez argued the motion to withdraw his no contest plea pro se.  Although counsel was present and prepared for the sentencing hearing if the motion to withdraw was denied, counsel made it clear, as does the transcript of the argument on the motion itself, that Lopez alone argued the motion.  Doc. 21-1,

14

Exhibit 29, p. 180, p. 184.[9]   Because the state appellate court, if it had the transcript, would have seen and taken into account Lopez's lack of representation at the motion to withdraw plea hearing in determining whether the trial court abused its discretion in denying his motion, there is a reasonable probability that the outcome of the appeal would have been different.  *See State of Ohio v. Dellinger*, 2002 WL 31002813, *2-3 (6th Dist. 2002) (lack of substitute counsel at a motion to withdraw plea hearing was a factor considered in determining whether the trial court abused its discretion in denying a motion to withdraw plea).

The argument on which Respondent rests its conclusion that, even with a complete transcript, the ultimate outcome likely would not have been different is flawed. Doc. 21, pp. 30-31.  Respondent argues that, even if Lopez was denied information in the ballistics report before entering his no contest plea, that information would not have made a difference because "there is no doubt that he [Lopez] used a second gun. . ." Doc. 21, pp. 30-31.  For this assertion, Respondent relies on the prosecutor's argument during Lopez's sentencing hearing that "[t]his Defendant has admitted to shooting to three people on the night of October 19, 2003, and he almost shot a fourth person . . . where he discharged two different handguns 18 times . . ." Doc. 21, p. 31 (citing Doc. 21-1, Exhibit 29, pp. 8-9).  Significantly, this statement by the prosecutor cited no evidence and was an argument made *after* the trial court had denied the motion to withdraw plea.  Doc. 21, p. 31 (citing Doc. 21-1, Exhibit 29, pp. 8-9).  Further, the prosecutor's argument was based on an alleged admission by Lopez.  That alleged admission was not further described but may have been the very plea that Lopez sought to withdraw.  Thus, Respondent's reliance upon the prosecutor's argument that Lopez used two guns to support a finding of no prejudice under the second *Strickland* prong is misplaced.

---

[9] Counsel stated, "Your Honor, he'll be arguing this [motion to withdraw] on his own behalf, pro se, this motion on his own behalf."  Doc. 21-1, Exhibit 29, p. 180.

While two guns may have been discharged during the underlying incident, there is a dispute as to whether Lopez was the only shooter or whether there was a second shooter. Lopez has disputed the assertion that he used two guns, as shown by the transcripts of his plea and sentencing hearings, which the appellate court did not have. The transcript of the September 20, 2005, plea hearing reveals that Lopez's attorney stated that, while Lopez admitted to the Lorain police that he had a weapon and fired that weapon, Lopez maintained, from the beginning, that he did not fire a second weapon. Doc. 21-1, Exhibit 28, p. 161. During his January 20, 2010, resentencing, Lopez reiterated this position, i.e., that he fired only one gun. Doc. 21-1, Exhibit 30, p. 202-203. Additionally, prior to the no contest plea, the State withdrew its motion for separate gun specifications (Doc. 21-1, Exhibit 28, p. 158) and sought sentencing on only one handgun specification (Doc. 21-1, Exhibit 29, p. 187). Given the dispute revealed by the record regarding the number of shooters, the ballistics report was indeed relevant and unanswered questions regarding whether Lopez had or understood the report before entering his no contest plea likely would have persuaded the state appellate court that the trial court abused its discretion in denying his motion to withdraw that plea.

Although Lopez ultimately might have been found guilty of the charges in the indictment if he had been permitted to withdraw his no contest plea and present his case to a jury, that is not the issue here. Rather, the issue to be decided under *Strickland* is whether there is a reasonable probability that the outcome of Lopez's appeal, specifically, his attempt to find error in the denial of his motion to withdraw his no contest plea, would have been different but for his appellate counsel's failure to file the transcript of the plea and motion to withdraw plea hearings. Because Lopez was denied any possibility of having his appeal reviewed based on the full record of the hearings and because there is a reasonable probability that the outcome of the appeal

16

would have been different had the record been available, the undersigned concludes that Lopez

was prejudiced and was denied the effective assistance of appellate counsel within the meaning

of *Strickland*.  *See Entsminger v. Iowa*, 386 U.S. 748 (1967) (finding that an appeal submitted

without the full record, briefs and arguments of counsel did not constitute adequate appellate

review); *see also Fields v. Bagley*, 275 F.3d 478, 483-485 (6th Cir. 2001) (finding a lack of

effective assistance of counsel, in part, because the appellate court did not have the full record of

the suppression hearing before it).

### III. Conclusion

Based on the foregoing, the undersigned recommends that Lopez's petition for a writ of

habeas corpus (Doc. 1) be **GRANTED conditionally.**  Respondent should be ordered to release

Mr. Lopez from prison unless he is permitted to reopen his appeal pursuant to Ohio Rule of

Appellate Procedure 5(B) with court appointed counsel within 90 days of the filing of a motion

to reopen.  Lopez's Motion for Appointment of Counsel (Doc. 22) and Motion for Evidentiary

Hearing (Doc. 23) are **DENIED as moot**.


September 21, 2012

_____
**KATHLEEN B. BURKE**
**U.S. MAGISTRATE JUDGE**

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of
Courts within fourteen (14) days after the party objecting has been served with a copy of this
Report and Recommendation.  Failure to file objections within the specified time may waive the
right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir.
1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).